IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LEISA BUSCHELLMONK**<br>**4911 E. Federal St.**<br>**Baltimore, MD 21205**<br>On behalf of herself and a class of<br>similarly situated individuals, | *<br><br>*<br><br>* | CLASS ACTION COMPLAINT<br><br>AND JURY DEMAND |
| Plaintiff | * | Case No.: |
| v. | * | |
| **O'MALLEY, MILES, NYLEN**<br>**& GILMORE, P.A.**<br>**11785 Beltsville Dr., 10th Floor**<br>**Calverton, MD 21705**<br>**SERVE ON RESIDENT AGENT:**<br>**SALLY PRESLER MCCASH**<br>**28468 Clubhouse Dr.**<br>**Easton, MD 21601,** | *<br><br>*<br><br>*<br><br>* | |
| Defendant. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**CLASS ACTION COMPLAINT FOR DAMAGES**
**AND INCIDENTAL RELIEF**

Plaintiff Leisa Buschellmonk, an individual, on behalf of herself and all others similarly situated, sues Defendant O'Malley, Miles, Nylen & Gilmore, P.A., a professional corporation, and alleges as follows:

**I.   Preliminary Statement**

1.   This is an action brought pursuant to 15 U.S.C. § 1692, *et seq.*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II. Jurisdiction

2. The jurisdiction of this Court arises under 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

## III. Allegations as to Parties

3. Plaintiff Leisa Buschellmonk ("Ms. Buschellmonk") is *sui juris* a citizen and resident of Baltimore, Maryland.

4. At all times relevant hereto, Defendant O'Malley, Miles, Nylen & Gilmore, P.A. ("Collection Law Firm"), was a Maryland professional corporation, doing business in Maryland.

5. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. Factual Allegations

6. For an extended period of time, Defendant acted as collection attorneys for businesses or corporations in the State of Maryland, including but not necessarily limited to The Breast Center ("TBC").

7. In the course of its representation of the various businesses and corporations, Defendant regularly collected, or attempted to collect, monies from consumers for delinquent alleged debts owed to creditors.

8. On or about February 11, 2009, Defendant sent or caused to be sent to Ms. Buschellmonk written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies for debts purportedly owed by Ms. Buschellmonk to TBC ("Initial Collection Communication").

9. A true and correct copy of the Initial Collection Communication, with handwritten notes, is attached hereto and incorporated by reference as Exhibit 1.

10. Through the Initial Collection Communication, Defendant purported to provide a disclosure of the rights of consumers such as Ms. Buschellmonk to obtain debt validation under the FDCPA ("Validation Disclosure"). In particular, Defendant stated, *inter alia*:

> If we do not hear from you *within thirty days of the above date*, we can only conclude that you do not wish to attempt to settle this matter informally. The fact that you have thirty (30) days to indicate that you dispute the validity of the debt, or dispute any portion of the debt, does not prevent O'Malley, Miles, Nylen & Gilmore, P.A. from filing a lawsuit within that time. If a lawsuit is filed against you, you may become liable for additional costs, including court costs, attorney's fees where applicable, and interest.
>
> All payments should be sent directly to O'Malley, Miles, Nylen & Gilmore, P.A. with a check or money order made payable to O'Malley, Miles, Nylen & Gilmore, P.A. To assist in updating your account, you should include the File Number (which appears above) on your check or money order. Any inquiries concerning payment arrangements should be made directly to my assistant, Ms. Banks, who can be reached at (301) 572-3240. You should give this matter your immediate attention. (Emphasis added).

11. Through the Initial Collection Communication, Defendant demanded payment from Ms. Buschellmonk within thirty (30) days from the date of the Initial Collection Communication.

12. Through the Initial Collection Communication, Defendants attempted to collect the sum of Nine Hundred Fourteen Dollars ($914.00).

13. By information and belief, for an extended period of time prior to the filing of this Complaint, Defendant has maintained a practice and pattern of transmitting or causing to be transmitted dunning letters, in the form of the Initial Collection Communication Defendant sent

3

to Ms. Buschellmonk, on behalf of TBC and other alleged creditors, to other consumers in the State of Maryland.

14. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit 1 to consumers in a manner which was not reasonably calculated to avoid confusing or frustrating consumers with respect to advice regarding their rights, including the right to seek validation of the debt pursuant to 15 U.S.C. § 1692g.

### V. Class Action Allegations

15. This action is brought on behalf of a class consisting of: (1) all persons with addresses in the State of Maryland, (2) to whom Defendant sent or caused to be sent letters in the same form as Exhibit 1, (3) in an attempt to collect debts which, according to the nature of the creditor or the debt, or the records of the creditor or Defendant, were incurred for personal, family, or household purposes, (4) which were not returned undelivered by the U.S. Post Office, (5) during the one year period prior to the filing of this Complaint.

16. Plaintiff alleges on information and belief based on Defendants' use of letters in the form of Exhibit 1 that the class is so numerous that joinder of all members would be impracticable. Based on Defendant's use of the letter in the form of Exhibit 1, Ms. Buschellmonk estimates that the class includes hundreds or perhaps thousands of class members.

17. There are questions of law or fact common to the class, which common issues predominate over any issues affecting only individual class members. The common factual issue with respect to each class member is that he or she was sent a letter in the form of Exhibit 1. The principal common legal issues are whether Defendant's letter in the form of Exhibit 1 violates the FDCPA by (1) failing to inform the consumer properly with respect to the consumer's rights for debt validation or communicating with the consumer in a manner which was not reasonably

calculated to avoid confusing or frustrating the least sophisticated consumer in violation of 15 U.S.C. § 1692g, (2) by making false or misleading representations in violation of 15 U.S.C. § 1692e and, (3) by using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.

18. Ms. Buschellmonk's claim is typical of those of other class members. All are based on the same facts and legal theories with respect to Defendant's standard collection communications.

19. Ms. Buschellmonk will fairly and adequately protect the interests of the class. She has retained counsel who are experienced in handling actions under the FDCPA and in prosecuting class action. Neither the Plaintiff nor her counsel has any interests which might cause them to fail to pursue this action vigorously.

20. Certification of the class under Rule 23(b)(3) is also appropriate in that:

(a): The questions of law and fact that are common to all class members predominate over any individual questions that may arise, and;

(b): A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

21. Certification of the class under Rule 23(b)(2) is also appropriate in that the Defendant has acted on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

22. Ms. Buschellmonk hereby requests certification of a hybrid class under Rule 23 (b)(3) for damages and Rule 23(b)(2) for equitable or declaratory relief.

## VI. Allegations of Applicable Law

### A. General

23. At all times material hereto, Ms. Buschellmonk was a consumer as that term is defined in 15 U.S.C. § 1692a(3).

24. At all times material hereto, TBC, and various other business entities represented by Defendant in the collection of consumer debt were creditors as that term is defined in 15 U.S.C. § 1692a(4).

25. At all times material hereto, the sum purportedly owed to TBC by Plaintiff was a "debt" as that term is defined in 15 U.S.C. § 1692a(5).

26. At all times material hereto, Defendant was a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

### B. Validation Violation

#### i. General

27. 15 U.S.C. § 1692g(a) provides, in pertinent part, the following:

> <u>Notice of Debts; Contents</u>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing –
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. As more particularly described below, through the Initial Collection Communication, Defendant violated the FDCPA by failing to properly inform the consumer as to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer, in violation of 15 U.S.C. § 1692g.

ii.     Overshadowing Violation

29. 15 U.S.C. § 1692g affords consumers "thirty days from the receipt" of the Initial Collection Communication to dispute the debt, to request verification, and to obtain the name and address of the original creditor, if applicable. In violation of this statutory provision, Defendant demanded payment from Ms. Buschellmonk "within thirty (30) days of the above date," referring to the date of the letter.

30. The demand for payment within thirty days overshadowed, and was inconsistent with, the rights of Ms. Buschellmonk to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. 1692g(b).

iii.    Improper Written Dispute Requirement

31. In the Initial Collection Communication, Defendant wrote: "If you do not notify us in writing within thirty (30) days after receiving this letter that you dispute the validity of all or any portion of the debt, we will assume the debt to be valid."

32. The requirement by Defendant that disputes by consumers such as Ms. Buschellmonk be in writing, as set forth in its Initial Collection Communication, violates the disclosure provisions of 15 U.S.C. § 1692g(a)(3). *See, Camacho v. Bridgeport Fin. Inc.*, 430

F.3d 1078 (9th Cir. 2005); *Baez v. Wagner & Hunt, P.A.*, 442 F. Supp.2d 1273 (S.D. Fla. 2006); *Turner v. Shenandoah Legal Group*, 2006 WL 1685698 (E.D. Va. 2006).

    iv.    <u>Failure to Disclose Proper Validation Period</u>

33.    The confusion Defendant created with respect to the disclosure of the rights of the consumer to debt verification under the FDCPA is compounded by the failure of Defendant to properly inform consumers such as Ms. Buschellmonk of the proper time period for requesting validation of debts. In particular, 15 U.S.C. 1692g(a)(3), (4), and (5), state that the validation period continues through "thirty days after receipt of the notice." In contrast, Defendant's letter provides that the period terminates "within thirty (30) days of the above date...."

    v.    <u>False Threats</u>

34.    Defendant's statement in their letter that, within the thirty day dispute period, they would not be precluded from filing suit, was an idle and illusory threat, designed to intimidate consumers. Defendant has not filed any suit, nearly one year after sending the letter.

35.    Defendant's statement in their letter that, if a lawsuit were filed, the consumer could be liable for "additional costs, including court costs, attorney's fees where applicable, and interest" is misleading and designed to intimidate consumers. Ms. Buschellmonk would not know when court costs or attorneys' fees would be applicable, and should have been provided accurate information about the applicability of such costs and fees. If not applicable in her situation, the statement was false.

36.    As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of actual and statutory damages pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff Leisa Buschellmonk, requests that judgment be entered in her favor, and in favor of the class defined above, against Defendant, for:

UA Declaratory Judgment that Defendants' Initial Collection Communication (Exhibit 1) violates the FDCPA;

Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

An award of her costs and attorneys' fess pursuant to 15 U.S.C. § 1692k; and

Such other and further relief as this Court may deem appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, pursuant to Rule 38(b), hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Bernard T. Kennedy – No. 26843
P.O. Box 657
Edgewater, MD 21037
Ph (443) 607-8901
Fax(443) 607-8903
bernardtkennedy@yahoo.com

Thomas J. Minton – No. 03370
Goldman & Minton, P.C.
20 South Charles St., Suite 1201
Baltimore, MD 21201
Ph (410) 783-7575
Fax(410) 783-1711
tminton@charmcitylegal.com

*Attorneys for Plaintiff*