FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2013 JAN 25 P 3: 15

LEISA BUSCHELL-MONK,

    *Plaintiff*

v.    \*    No.: 1:10-cv-302 RDB

O'MALLEY, MILES, NYLEN &
GILMORE, P.A.,

    *Defendant.*

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter comes before the Court on the joint request (the "Joint Motion") of Plaintiff Leisa Buschell-Monk and a class of Persons similarly situated (collectively, "Plaintiffs" or "Class Members") and Defendant O'Malley, Miles, Nylen & Gilmore, P.A. ("Defendant" or "OMNG" or "Law Firm") for preliminary approval of the Class Action Settlement Agreement (the "Agreement"), dated November 15, 2012. The Court has reviewed the Agreement and the other exhibits attached to the Joint Motion, and, good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS;

1.    Definitions. For the purposes of this Order, the Court adopts by reference the definitions set forth in the Agreement which is attached to the Joint Motion as Exhibit 1.

2.    Preliminary Approval. The Court preliminarily approves the Settlement of the Action set forth in the Agreement as being fair, reasonable, and adequate as to the class described therein. Specifically, this Court finds that: (1) under the FDCPA, statutory damages in a class action are capped at $500,000 or 1% of the net worth of the defendant, whichever is the lesser amount. In this action, settlement of this case for those class members who may seek only statutory damages by the establishment of a fund of Twenty Thousand Dollars ($20,000.00) to be

1



divided on a pro rata basis among those class members who timely submit claim forms likely constitutes far more than the maximum available statutory damages under the FDCPA with respect to this Defendant, and is therefore fair and reasonable; (2) a payment to the Class Representative, Leisa Buschell-Monk, of One Thousand Five Hundred Dollars ($1,500.00) is fair and reasonable and in line with incentive payments made to other settlement class representatives in similar cases; (3) Defendant's agreement to bear the administrative costs of identifying class members and mailing notice to them, is fair and reasonable, and; (4) a separate payment to Class Counsel of fees and costs of Fifteen Thousand Five Hundred Dollars ($15,500.00), which is not taken from any recovery to the Class, is fair and reasonable for the services provided by Class Counsel in this case and continuing until all questions of the Class have been answered, claims have been processed, and a Final Approval Order is entered

If the Settlement is not given final approval for any reason, the Parties shall be restored to their respective positions in the Action as of November 15, 2012, and trial will remain scheduled for March 4, 2013. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

The Court has previously directed that Notice be sent to all Class members, with the Class defined as follows: "All persons with addresses in the State of Maryland, to whom Defendant sent or caused to be sent debt collection letters in an attempt to collect debts which, according to the nature of the creditor or the debt, or the records of the creditor or Defendant, were incurred for personal, family or household purposes, which were not returned undelivered

by the U.S. Post Office during the one year period prior to the filing of the Complaint in this matter on February 5, 2010."

3.      Fairness Hearing. A Fairness Hearing will be held in open Court on January 25, 2013, at 10:00 am, at which time the Court will finally determine whether the Settlement of the Action should be approved as fair, reasonable, and adequate and whether the Final Order, including Dismissal with Prejudice of the Action and a final release of all claims raised herein, should be entered. The Court may adjourn or continue the Fairness Hearing without further notice to the Class.

4.      Form and Content Notice. In its Order of November 13, the Court approved, as to form and content, for distribution to potential members of the Class, the Notice in the form attached as Exhibits 2 to the Joint Motion for Preliminary Approval. Because November 12, the day previously set by the Court in its scheduling order for the mailing of Notice, was a federal holiday, the Court now approves the mailing of Notice by Defendant to all Class members on November 13 and 14, 2012. On or before December 7, 2012, Defendant shall file with the Court an affidavit confirming that the Notice was mailed to all class members at their last known addresses and that the mailing was complete as of November 14, 2012.

5.      Requests for Exclusion. Any person may seek to be excluded from the Settlement. Any person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the post office box maintained by Class Counsel for purposes of settlement administration and be postmarked no later than January 11, 2013. To be effective, the request for exclusion must make clear that exclusion is sought by stating words to the effect of "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN BUSCHELL-MONK v. O'MALLEY, MILES,

NYLEN & GILMORE, P.A." The request for exclusion must also contain the excluded person's name and address, and the request must be signed by that person. Class Counsel shall provide copies of any and all requests for exclusion to Defendants' Counsel no later than 5 business days before the Fairness Hearing.

7. <u>Objections</u>. Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Fairness Hearing provided that such Person files with the Court and delivers to Class Counsel and Defendant's Counsel a written notice of objection post-marked no later than January 11, 2013. Any person who objects to the Settlement must file a written statement of reasons, no more than 10 pages in length, with the Clerk of the Court and deliver same to Class Counsel and Defendant's Counsel. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of no more than 10 pages filed and served on the objecting class member no later than 5 business days prior to the Fairness Hearing. Only Class Members who have filed and served valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, except upon leave of Court. Any Class Member who does not file and serve his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Class Counsel, unless otherwise ordered by the Court.

8. <u>Defendant's Denial of Liability</u>. The Court notes that Defendant denies any liability to Plaintiffs or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted

4

litigation and put to rest all claims which have or could have been asserted against the Defendant arising from the acts, transactions, or occurrences alleged in the Complaint in this case.

9. Injunction. The Court hereby bars and enjoins all Class Members, except those who have timely and effectively requested exclusion, from instituting, or prosecuting any action, or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims, unless and until the Settlement Agreement is terminated.

10. Extension of Deadlines. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

11. Deadline for Submitting Claim Forms. Class Members who wish to receive their cash recovery in accordance with the Settlement Agreement must send in a claim form, which form must be post-marked no later than January 11, 2013.

12. Deadline for Motion for Final Approval and Fee Petition by Class Counsel. The Parties shall file a motion in support of Final Approval of the Settlement, and Class Counsel shall file a motion in support of the award of attorneys' fees and costs, no later than 10 days prior to the Fairness Hearing.

ORDERED this 25th day of January, 2013

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE